UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
:
GLOBAL AID DISTRIBUTION, LLC,                  :
                                               :   Case No. 20-cv-2897
                              Plaintiff,       :
                                               :
           -against-                           :   **COMPLAINT**
                                               :
EZ LOGISTICS LTD,                              :   **JURY TRIAL DEMANDED**
                                               :
                              Defendant.       :
                                               :
----------------------------------------------X

Plaintiff Global Aid Distribution, LLC ("Global Aid" or "Plaintiff"), by its undersigned attorneys, for its Complaint against defendant EZ Logistics Ltd. ("EZ Logistics" or "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1. This breach of contract and breach of warranty action arises out of Defendant's sale and Global Aid's purchase of 50,000 KN95 Masks for $130,000.

2. The masks were materially defective and wholly unfit for their intended purpose.

3. Global Aid has demanded the return of its purchase price and interest thereon. Defendant has refused to refund the purchase price.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between parties and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over EZ Logistics pursuant to CPLR 301 and 302 because Defendant is organized under the laws of and its principal place of business is located in the State of New York.

6. Venue is proper in this District pursuant to CPLR 503 because EZ Logistics's principle place of business is located in Queens, NY.

## THE PARTIES

7. Plaintiff Global Aid is a Florida limited liability company engaged in the business of, among other things, sourcing personal protective equipment for onward sale to customers, including hospitals and federal agencies. All of its members are domiciled in and residents of Florida.

8. Upon information and belief, Defendant EZ Logistics is a New York domestic business corporation engaged in the reefer logistics business and is also a direct supplier of consumer products, including medical supplies.

## FACTS

9. Global Aid incorporates the foregoing paragraphs as if set forth fully herein.

10. On or about April 24, 2020, Defendant agreed to sell and Global Aid agreed to purchase 50,000 KN95 face masks (the "Sale Contract").

11. Global Aid satisfied its obligations under the Sale Contract when it paid Defendant in full the purchase price of $130,000.

12. Defendant knew when it sold the KN95 masks to Global Aid that Global Aid would sell the KN95 masks to customers, including hospitals and federal agencies, which masks were in high demand in light of the COVID-19 pandemic and needed to meet relevant medical standards.

13. Global aid relied on relied on Defendant's knowledge as a supplier of personal protective equipment to provide KN95 face masks that met relevant medical standards

14. Pursuant to the Sale Contract, Defendant impliedly warranted that the face masks conformed to the relevant medical standards for KN95 face masks.

15.     The face masks that Defendant provided, however, were materially defective with failing and failed ear loops rendering them completely unusable.

16.     On or about June 9, 2020, Global Aid demanded that Defendant refund the purchase price.  Global Aid indicated that it would hold the face masks at Defendant's disposal and expense for return or inspection for a reasonable period of time.

17.     Defendant has refused to refund Global Aid the $130,000 purchase price.

18.     As a result of Defendant's failure to pay, Global Aid has been damaged in an amount to be determined at trial, but in no event less than $130,000 plus prejudgment interest.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

19.     Global Aid incorporates the foregoing paragraphs as if set forth fully herein.

20.     Global Aid and Defendant entered into a valid agreement, the Sale Contract, pursuant to which Defendant would provide KN95 face masks.

21.     In return, Global Aid would pay and did pay a purchase price of $130,000.

22.     Defendant breached the Sale Contract when it provided KN95 face masks that were materially defective and wholly unfit for their intended purpose.

23.     As set forth above, Global Aid has demanded refund of the purchase price of $130,000 plus interest, but Defendant has refused and failed to refund the sum due.

24.     By reason of the foregoing, Defendant has breached its obligations under the Sale Contract, damaging Global Aid in an amount to be determined at trial, but in no event less than $130,000 plus prejudgment interest.

## SECOND CLAIM FOR RELIEF
(Breach of Warranty that Goods Fit for Particular Purpose)

25.     Global Aid incorporates the foregoing paragraphs as if set forth fully herein.

3

26. Defendant knew that Global Aid was purchasing the KN95 face masks for onward sale to customers, including hospitals and federal agencies, which customers require that the KN95 masks meet relevant medical standards.

27. Global Aid relied on Defendant's knowledge as a supplier of personal protective equipment to provide KN95 face masks that met relevant medical standards.

28. As set forth above, the KN95 face masks that Defendant provided were materially defective and not fit for their intended purpose in breach of the implied warranty of fitness for a particular purpose.

29. By reason of the foregoing, Global Aid has been damaged in an amount to be determined at trial, but in no event less than $130,000 plus prejudgment interest.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff Global Aid Distribution, LLC respectfully requests that this Court enter judgment in favor of Global Aid and against defendant EZ Logistics Ltd. on Global Aid's Breach of Contract Claim and Breach of Warranty Claim and award Global Aid:

(i) damages in an amount to be determined at trial, but in no event less than $130,000;

(ii) interest at the maximum statutory rate;

(iii) all applicable fees and costs of this action, including attorneys' fees; and

(iv) such other and further relief as this Court may deem just and proper.

Dated:  New York, New York                SULLIVAN & WORCESTER LLP
        June 30, 2020


                                          By: /s/ Michael T. Sullivan
                                              Michael T. Sullivan
                                              Clark A. Freeman
                                          1633 Broadway
                                          New York, New York 10019
                                          (212) 660-3000
                                          msullivan@sullivanlaw.com
                                          cfreeman@sullivanlaw.com

                                          *Attorneys for Plaintiff*
                                           *Global Aid Distribution, LLC*