

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

212 660 3000
sullivanlaw.com

October 13, 2020

**VIA ECF**

Hon. James Orenstein
United States Magistrate Judge
225 Cadman Plaza East
Chambers: Room 1227 South
Courtroom: 11D South
Brooklyn, New York 11201

    Re:   *Global Aid Distribution, LLC v. EZ Logistics Ltd.*,
           Case No. 20 Civ. 2897 (KAM) (JO)

Dear Judge Orenstein:

We are counsel to plaintiff Global Aid Distribution, LLC ("Global Aid"). We write to request a conference to discuss discovery issues and possible settlement.

This is a straightforward and relatively small contractual dispute respecting 50,000 KN95 face masks which Global Aid agreed to buy from Defendant EZ Logistics Ltd. ("Defendant") and for which Global Aid made full payment, $130,000. Defendant failed to deliver conforming masks, which was immediately obvious upon delivery: the masks had failing and failed ear loops rendering them completely unusable. Global Aid has asserted two claims against Defendant: breach of contract and breach of warranty.

Global Aid has proposed that the parties settle their dispute based upon the outcome of testing performed by a mutually agreeable third-party testing company. In short, if the masks are determined to meet relevant KN95 standards, then Global Aid will dismiss its complaint. If the masks are determined not to meet relevant KN95 standards, then EZ Logistics will refund the $130,000 purchase price.

Defendant has rejected this proposal. It appears that Defendant believes the only issue is whether the ear loops are failing and, in any event, does not believe that the parties could agree upon the relevant standards and tests to be performed. Defendant instead seeks to have its own testing company come to Global Aid's warehouse and inspect 500 of the masks for issues with the ear loops.

We think it is unnecessary for the parties to each have their own testing companies examine the masks when, in light of the size of the dispute, a single testing company is able to test a sample of the masks. We also are concerned about preserving the masks and the alteration or damage to the masks that could result from multiple rounds of testing, including Defendant's proposed testing of such a significant sample.

We therefore respectfully request a conference to discuss (i) the issue of testing during discovery and (ii) a possible resolution to this simple commercial dispute.

Hon. James Orenstein
October 13, 2020
Page 2

Defendant has indicated that, while it is not necessarily opposed to a conference, it believes that the issues are not ripe.

We thank the Court for its consideration.

                                                Respectfully submitted,

                                                /s/ Clark A. Freeman

                                                Clark A. Freeman
                                                Direct line: 617-338-2965
                                                cfreeman@sullivanlaw.com

cc:  Counsel of record via ECF