

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

October 13, 2020

**By ECF**

Hon. James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:   *Global Aid Distribution, LLC v. EZ Logistics Ltd*,
           No. 20-cv-02897-KAM-JO

Dear Magistrate Judge Orenstein:

     We represent Defendant EZ Logistics Ltd ("EZ") and write in response to today's letter from plaintiff's counsel seeking a conference. To the extent the conference is intended to address settlement, we believe the conference is premature. EZ is not opposed to the possibility of a settlement conference, but it first wishes to have the opportunity to conduct some discovery by inspecting a small sample of the masks in question in order to test plaintiff's claim that the ear loops were deficient.

     Plaintiff's apparent attempt to have the Court to impose on EZ what plaintiff believes is the appropriate way to resolve the matter serves no useful purpose. Not only do the parties disagree on what testing should be conducted, but more generally EZ is not willing to agree to resolve the matter solely on the basis of any test results. Even if the goods were properly rejected – a point that EZ continues to challenge – EZ had a right under the UCC to cure any alleged breach by substituting a conforming tender of acceptable replacement masks. Accordingly, Plaintiff would not simply be entitled to a full recovery of the amount expended after improperly refusing to provide EZ with a reasonable opportunity to effect a cure after EZ seasonably notified Plaintiff of EZ's intention to deliver replacement masks. In any event, the issue of settlement should be addressed through a regular settlement conference after EZ has been provided the discovery it seeks to make an informed settlement decision.

     With respect to the question of discovery, there is no reason why EZ should not be provided with physical access to a limited sample of 500 masks out of the more than 50,000 masks involved so it can conduct the testing that it wishes to do as part of its defense of the case. If plaintiff wishes to conduct its own testing, it is certainly free to do so, and there are more than enough masks to provide both sides with the necessary amounts to conduct whatever tests they believe are appropriate. There is no basis for imposing a particular type of test or requiring it that it be

32259/000/3526331

**Cowan, Liebowitz & Latman, P.C.**

Hon. James Orenstein
October 13, 2020
Page 2

mutually agreed to where the parties may have their own independent theories as to what is relevant to the issues at hand.

While EZ is of course happy to address these issues further if the Court believes a conference would be helpful, it does not believe that a conference is necessary or useful at this juncture. As EZ has made a reasonable request for discovery to which it is entitled under the rules, the Court should order that plaintiff make the small sample of masks requested available to EZ for inspection and testing at a reasonable time and place.

Respectfully,

*Richard S. Mandel*

Richard S. Mandel
*Counsel for Defendant EZ Logistics Ltd*

cc:   Clark Andrew Freeman (via ECF)
      Michael Thomas Sullivan (via ECF)
      *Counsel for Plaintiff Global Aid Distribution LLC*