UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

GLOBAL AID DISTRIBUTION, LLC,                  :

                      Plaintiff,      :      No. 20-cv-2897 (KAM) (JO)

    -against-                                                   :

EZ LOGISTICS LTD,                                         :

                     Defendant.     :

                                           :
-----------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, during the course of this action, either party has the occasion to disclose information deemed by such party to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

    1.    Any documents, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for admissions, or any other material or portions thereof (hereinafter "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel for the party producing such Material at the time of its production.  The producing party should only apply such designations where the producing party has a good faith belief that the designated Material contains confidential commercial information that would put the producing party at a competitive disadvantage if the

information became known to third parties. Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

2. To the extent that Material is marked Confidential, such material shall only be revealed to or used by the following persons:

(a) outside counsel employed by any party to assist in the action and their respective paralegals and administrative staff who are assisting in this action;

(b) the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

(c) any outside consultant or expert who is assisting counsel or a party to the action, to whom it is necessary to disclose the relevant Material for the sole purpose of assisting in, or consulting with respect to, the preparation of this action, who has first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first;

(d) the Court and any members of its staff to whom it is necessary to disclose the Material for the purpose of assisting the Court in this action;

(e) stenographic employees and court reporters recording or transcribing testimony relating to this action;

(f) any witness or deponent to the extent reasonably necessary, and counsel for such witness, provided that they have first read and signed the Non-Disclosure

        Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first; and

        (g)    outside vendors who perform microfilming, photocopying, computer classification, professional jury or trial consultants, trial support personnel, litigation support services, or similar functions, but only for so long as necessary to perform those services.

    3.    The parties recognize that there may be certain sensitive confidential, financial, business and/or proprietary documents and information, the disclosure of which to certain categories of persons listed in paragraph 2 may compromise and/or jeopardize the disclosing party's interests. Such Material may be marked "Confidential – Attorneys' Eyes Only", and shall only be disclosed to the persons identified in (a), (c), (d), and (e) in paragraph 2.

    4.    Material designated Confidential or Confidential – Attorneys' Eyes Only shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or Confidential – Attorneys' Eyes Only in keeping with the producing party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals. Such Material shall be used only for purposes directly related to this action.

    5.    Nothing in this Order shall constitute a waiver of a party's right to object to the production of Material or to demand more stringent restrictions upon the treatment and

disclosure of any Material on the ground that it contains particularly sensitive or proprietary information.  Any party may apply to the Court in which this litigation is pending for modification of this Order at any time or for the establishment of additional protection governing the use of Material, including the use of such material in submissions to the Court or at any hearing or trial.  Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

6. Any party may contest a claim of confidentiality.  If a receiving party disagrees with the designation of any Material as Confidential or Confidential – Attorneys' Eyes Only, the parties shall first try to resolve their dispute on an informal basis.  If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution.  The parties agree to maintain the confidentiality of any such Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

7. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be Confidential – Attorneys' Eyes Only for a period ending 30 days after the transcript is received by counsel.  On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential or Confidential – Attorneys' Eyes Only by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order.  Such designation may be made by any of the following means:

4

      (a)    stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential or Confidential – Attorneys' Eyes Only, in which case the court reporter shall mark each page so designated accordingly.

      (b)    sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential or Confidential – Attorneys' Eyes Only, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

8.    If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential or Confidential – Attorneys' Eyes Only, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated.  If at any time a producing party realizes that Material previously designated Confidential should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

9.    Any pleadings, responses to requests for discovery, motions or other documents filed with the Court that disclose any information designated as Confidential or Confidential-Attorneys' Eyes Only shall be filed under seal by the filing party.  Where possible, only those portions of filings with the Court that may reasonably be classified as Confidential or Confidential – Attorneys' Eyes Only information shall be filed under seal.

10.    After this action is completed, including all appeals, counsel for all parties shall destroy or return all Material designated Confidential or Confidential – Attorneys' Eyes Only.

11. Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated "Confidential" or "Confidential – Attorney's Eyes Only."

12. Nothing in this Order shall be deemed to prohibit disclosure of any Material designated "Confidential" or "Confidential – Attorney's Eyes Only" to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Material by the party producing such Material.

13. The inadvertent or unintentional production of Material shall not constitute an admission by the producing party, and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

14. Neither the termination of this litigation nor the termination of employment of any person who had access to any Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of any Material designated "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this Order.

The parties, by their undersigned counsel, stipulate to the foregoing, and consent to the entry of the above Protective Order.

Dated: New York, New York
October 27, 2020

| | |
|---|---|
| SULLIVAN & WORCESTER LLP | COWAN, LIEBOWITZ & LATMAN, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| By: s/Clark A. Freeman | By: s/Raphael S. Nemes |
| Michael T. Sullivan | Richard S. Mandel |
| Clark A. Freeman | Raphael S. Nemes |
| 1633 Broadway | 114 W. 47th Street |
| New York, New York 10019 | New York, New York 10036 |
| (212) 660-3000 | (212) 790-9200 |

SO ORDERED this ___ day of _____, 2020

_____
Hon. James Orenstein
United States Magistrate Judge

7

32259/000/3573975

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| GLOBAL AID DISTRIBUTION, LLC, : | |
| Plaintiff, : | No. 20-cv-2897 (KAM) (JO) |
| -against- : | |
| EZ LOGISTICS LTD, : | |
| Defendant. : | |

-------------------------------------------------------------x

## **NON-DISCLOSURE UNDERTAKING**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Material to anyone other than as permitted by the Protective Order, and that at the conclusion of the litigation I will return all disclosed Material that has been designated as Confidential or Confidential – Attorneys' Eyes Only to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject to me punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____

32259/000/3573975